(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|---|

| | |
|---|---|
| Name of Debtor (if individual. enter Last, First, Middle):<br>**aaiPharma Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 6 years<br>(include married. maiden, and trade names):<br><br>**Applied Analytical Industries, Inc.; AAI** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married. maiden. and trade names): |
| Last four digits of Soc. Sec No /Complete EIN or other Tax I D. No<br>(if more than one, state all):<br>**04-2687849** | Last four digits of Soc Sec No /Complete EIN or other Tax I D No (if<br>more than one. state all): |
| Street Address of Debtor (No & Street, City, State & Zip Code):<br><br>**2320 Scientific Park Drive, Wilmington, NC 28405** | Street Address of Joint Debtor (No & Street. City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: **New Hanover County, NC** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| |
|---|
| Location of Principal Assets of Business Debtor<br>(if different from street address above):     **See Attached Schedule 1.** |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☒ Debtor has been domiciled or has had a residence. principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7     ☒ Chapter 11     ☐ Chapter 13 | |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9     ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec 304 - Case ancillary to foreign proceeding | |
| ☐ Other_____ | ☐ Clearing Bank | | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| ☐ Consumer/Non-Business     ☒ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U S C § 101<br>☐ Debtor is and elects to be considered a small business under 11 U S C<br>§ 1121(e) (Optional) | ☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments  Rule 1006(b)  See Official<br>Form No. 3. |

**Statistical/Administrative Information** (Estimates only assuming a consensual deal)     THIS SPACE IS FOR COURT USE ONLY
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors

| Estimated Number of Creditors* | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| Estimated Assets* | | | | | | |
|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50.001 to<br>$100,000 | $100.001 to<br>$500,000 | $500.001 to<br>$1 million | $1.000.001 to $10<br>million | $10.000.001 to<br>$50 million | $50.000.001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| Estimated Debts* | | | | | | |
|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50.001 to<br>$100,000 | $100.001 to<br>$500,000 | $500.001 to<br>$1 million | $1.000.001 to $10<br>million | $10.000.001 to<br>$50 million | $50.000.001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

\* On a consolidated basis for the Debtor and its affiliates

(Official Form 1) (12/03)                                                                                      FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>aaiPharma Inc. | |
|---|---|---|
| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>See attached Schedule 2 | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

X ~~signature~~
Signature of Attorney for Debtor(s)

Mark D Collins, Esq        Jean Hanson, Esq
Rebecca L. Booth, Esq      Gary L. Kaplan, Esq
Richards, Layton & Finger, P A.   Fried, Frank, Harris, Shriver
One Rodney Square, P O Box 551    & Jacobson LLP
Wilmington, Delaware 19899   One New York Plaza
Telephone: (302) 651-7700    New York, New York 10004
                             Telephone: (212) 859-8000

May 10, 2005
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition
X _____
Signature of Authorized Individual
Matthew E. Czajkowski
Printed Name of Authorized Individual
Executive Vice President, Chief Financial Officer and
Chief Administrative Officer
Title of Authorized Individual
May 10, 2005
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e g , forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☒  Exhibit A is attached and made a part of this petition

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter
X _____
Signature of Attorney for Debtor(s)        Date

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?
☐  Yes, and Exhibit C is attached and made a part of this petition
☒  No

**Signature of Non-Attorney Petition Preparer**
I certify that I am a bankruptcy petition preparer as defined in 11 U S C § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.

RLF1-2873255-1

## Schedule 1 to Voluntary Petition of aaiPharma Inc.

The following is a list of the location of the principal assets of aaiPharma Inc :

Three Silver Line Drive
North Brunswick, NJ 08902

4221 Faber Place Dr.
North Charleston, SC 29405

5850-A Rivers Avenue
North Charleston, SC 29406

1519 N. 23rd St.
Wilmington, NC 28405

1717 Hall Street Drive
Wilmington, NC 28405

1536 Castle Hayne Rd.
Wilmington, NC 28405

150 S. U.S. Hwy 1
Jupiter, FL 33477

Suite 202, University Corporate Center
127 Racine Dr.
Wilmington, NC 28403

1206 N. 23rd Street
Wilmington, NC 28405

1726 N. 23rd Street
Wilmington, NC 28405

1519 N. 23rd Street
Wilmington, NC 28405

6101 Quadrangle Drive
Chapel Hill, NC 27517

### Schedule 2 to Voluntary Petition of aaiPharma Inc.

The following affiliates of the Debtor are commencing cases contemporaneously herewith in the United States Bankruptcy Court, District of Delaware:

Applied Analytical Industries Learning Center, Inc.
AAI Properties, Inc.
AAI Technologies, Inc.
AAI Japan, Inc.
aaiPharma LLC
AAI Development Services, Inc. (Delaware)
AAI Development Services, Inc. (Massachusetts)
Kansas City Analytical Services, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **AAIPHARMA INC.,** | ) | **Case No. 05-_____(___)** |
|  | ) |  |
| Debtor. | ) |  |

## EXHIBIT A TO VOLUNTARY PETITION

1.    If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 0-21185.

2.    The following financial data is the latest available information and refers to the debtor's condition on March 31, 2005.[1]

| | | |
|---|---|---|
| a. | Total assets: | $323,323,000 |
| b. | Total debts (including debts listed in 2.c. below): | $446,693,000 |
| c. | Debt securities held by more than 500 holders: | N/A |
| d. | Number of shares of preferred stock (outstanding): | 0 |
| e. | Number of shares of common stock (outstanding): | 28,585,582 |

3.    Brief description of debtor's business:  The Debtors, along with their foreign subsidiaries and affiliates (collectively, "AAI"), form a science-based pharmaceutical company focused primarily on providing product development services to the pharmaceutical industry and selling pharmaceutical products which primarily target pain management.  AAI operates through two divisions: (a) AAI Development Services ("AAI Development") and (b) Pharmaceuticals Division ("Pharmaceuticals").  Prior to a reorganization of its operating divisions in March 2005, AAI also operated a Research and Development Division, the activities of which have been integrated into Pharmaceuticals and into Development Services.

Through AAI Development, the Debtors offer a comprehensive range of pharmaceutical product development services to customers on a worldwide basis, including, among other things, formulation development, stability testing services, production scale-up, manufacturing and human clinical trials management.  AAI Development provides its services to (i) its customers, to help them develop, control, and improve their drug products and (ii) Pharmaceuticals, to manufacture and improve its acquired drug products and develop pipeline products.

---

[1] The financial data provided herein is on a consolidated basis for aaiPharma Inc. and its affiliates.

Pharmaceuticals markets and commercializes the pharmaceutical products that AAI has acquired or developed. AAI commercializes products in two therapeutic areas, pain management and critical care. The pain management products include Roxicodone®, Oramorph® SR, Roxanol™, Duraclon®, Darvon®, Darvocet®, and a Methadone Hydrochloride injection. The critical care products include Brethine® and azathioprine.

In March 2005, AAI reorganized its research and development group, with the oversight of the development efforts on pipeline products being conducted by a group within Pharmaceuticals and the management of intellectual property assets, including drug delivery technologies and patents, being conducted by a group in Development Services.

4      List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of the debtors: Frederick D. Sancilio, Ph.D., Brown Capital Management, Inc., The Goldman Sachs Group, Inc., James Waters, and Royce Associates, LLC.

2

SECRETARY'S CERTIFICATE

AAIPHARMA INC.


I, Albert N. Cavagnaro, the undersigned Secretary of aaiPharma Inc. (the "Company"), do hereby certify that at a meeting of the Board of Directors of the Company duly called and held on the 6th day of May, 2005, the attached resolutions were duly adopted and recorded in the minute book of the Company, and that such resolutions have not been modified or rescinded, and remain in full force and effect on the date hereof:

IN WITNESS WHEREOF, the undersigned have executed certificate as of the date written above.

Date:  May 9, 2005

                                        aaiPharma Inc.

                                        Albert N. Cavagnaro
                                        Secretary

C-930775

RESOLUTIONS
OF THE BOARD OF DIRECTORS
OF
AAIPHARMA INC.

Pursuant to Section 141 of the Delaware General Corporation Law

May 6, 2005

WHEREAS, aaiPharma Inc. (the "Company") is a party to that certain Financing
Agreement dated as of April 23, 2004 (as amended, restated or otherwise modified from time to
time, the "Existing Financing Agreement") by and among the Company, certain subsidiaries of
the Company (together with the Company, the "Companies"), the financial institutions from time
to time party thereto, Silver Point Finance, LLC, as Collateral Agent ("Silver Point") and Bank
of America, N.A., as Administrative Agent ("Bank of America"), pursuant to which the Lenders
have extended to the Company term loan facilities of up to $165,000,000 and a revolving loan
facility of up to $15,000,000 (the "Existing Facility");

WHEREAS, due to the Company's current financial situation, it has been
proposed that the Company and certain of its domestic subsidiaries, subject to the finalization of
the DIP Facility (as defined below), file voluntary petitions seeking relief under chapter 11 of
title 11 of the United States Code ("Chapter 11") in the United States Bankruptcy Court of the
District of Delaware (the "Bankruptcy Court");

WHEREAS, in connection with the Companies' filing for bankruptcy protection
under Chapter 11, the Companies will need to obtain financing during the Companies' Chapter
11 cases (the "Chapter 11 Cases"), and accordingly, it has been proposed that the Company enter
into a Financing Agreement (the "DIP Financing Agreement") substantially in the form attached
hereto as Exhibit A by and among the Companies, the financial institutions from time to time
party thereto, Silver Point, as Collateral Agent and Bank of America, as Administrative Agent
pursuant to which the lenders have agreed to provide the Companies with a $210 million debtor-
in-possession financing facility consisting of a 12-month revolving facility of up to $30 million
and a 12-month term loan facility of $180 million (the "DIP Facility"), which DIP Facility would
be used, among other things, to (A) refinance the Existing Facility, (B) pay certain transaction
costs and fees and (C) finance the Companies' general working capital needs during the
pendency of any case of the Company under Chapter 11;

WHEREAS, in connection with the DIP Financing Agreement, the Company has
negotiated the DIP Financing Commitment dated April 29, 2005 (the "Commitment Letter")
between the Company and Silver Point Finance, LLC and the Fee/Expense Side Letter dated
April 29, 2005 between the Company and Silver Point (the "Fee/Expense Side Letter"), which
Commitment Letter and Fee/Expense Side Letter have been approved by the Board of Directors
of the Company;

WHEREAS, in connection with the Companies' decision to file voluntary
petitions seeking relief under Chapter 11, it has been proposed that the Company and certain of
its subsidiaries enter into an agreement (the "Xanodyne Agreement") substantially in the form

attached hereto as Exhibit B for the sale of certain of the assets of the Company's pharmaceutical division (the "Pharmaceutical Assets") to Xanodyne Pharmaceuticals, Inc. ("Xanodyne");

WHEREAS, it has been determined that the Xanodyne Agreement and the transactions contemplated thereby, including the sale of the Pharmaceutical Assets contemplated therein in accordance with certain bidding procedures (the "Bidding Procedures") to be approved by the Bankruptcy Court in the Chapter 11 Cases, are advisable, fair to, and in the best interests of the Company, its stockholders, creditors, and other interested parties and that the sale of the Pharmaceutical Assets as contemplated by the Xanodyne Agreement pursuant to section 363 of the Bankruptcy Code, including the sale process and any auction which subjects the Xanodyne Agreement to "higher and better" offers, is necessary to preserve the value of the Pharmaceutical Assets;

WHEREAS, after careful review and consideration, the Board of Directors of the Company has determined that it is in the best interests of the Company, its stockholders, creditors, and other interested parties to (i) file a voluntary petition seeking relief under Chapter 11, (ii) approve the DIP Facility and the DIP Financing Agreement and the transactions contemplated thereby, and (iii) enter into the Xanodyne Agreement and conduct a sale process of the Pharmaceutical Assets pursuant to section 363 of the Bankruptcy Code during the Company's Chapter 11 Cases.

NOW THEREFORE, in recognition of the benefits that will inure directly to the Company, its stockholders, and its creditors by virtue of the foregoing, the Board of Directors hereby adopts and approves the following resolutions:

### Approval of DIP Facility

RESOLVED, that the Company be, and it hereby is, authorized to enter into the DIP Financing Agreement on substantially the terms attached hereto as Exhibit A, with such changes therein and modifications thereto as the Chief Executive Officer, Chief Operating Officer, President, any executive Vice President, controller or the treasurer of the Company (the "Authorized Officers") shall approve, such approval to be conclusively evidenced by the execution and delivery thereof; and it is further

RESOLVED, that the DIP Facility and the DIP Financing Agreement are hereby approved and any security agreements, pledge agreements, real estate collateral documents, and other collateral documents (or amendments to any of the foregoing) executed in connection therewith (the "DIP Financing Agreement Other Documents") and the transactions contemplated thereby are hereby, in all respects, approved, and that the Authorized Officers of the Company are, and each of them hereby is, severally authorized, in the name and on behalf of the Company, to execute and deliver the DIP Financing Agreement and the DIP Financing Agreement Other Documents, in such form and with such changes, additions, or modifications thereto, as the officer executing the same may approve, such approval to be conclusively evidenced by the execution and delivery thereof, and to execute and deliver any and all such additional documents, agreements, certificates, notes, or instruments as may be necessary, required or desirable in connection therewith or as such officer, or any of them, may determine in his or her sole discretion to be necessary or advisable in connection with the transactions, agreements,

certificates, notes, instruments and documents described herein, or in the best interests of the Company, its stockholders, creditors, and other interested parties, such determination as aforesaid to be evidenced conclusively by the execution and delivery of such other or additional agreements, certificates, notes, instruments and documents; and it is further

RESOLVED, that the Fee Letter (the "Fee Letter") between the Companies, Silver Point and Bank of America (which Fee Letter shall supersede the Fee/Expense Side Letter previously approved by the Board of Directors) is hereby approved and the Authorized Officers of the Company are hereby authorized to execute, deliver and perform such Fee Letter in substantially the form attached hereto as Exhibit B with such changes therein or modifications thereto as such Authorized Officers shall approve, such approval to be conclusively evidenced by the execution and delivery thereof; and it is further

RESOLVED, that the Company perform each of its obligations under the DIP Financing Agreement, the DIP Financing Agreement Other Documents, and any other agreement, document or instrument entered into in connection with the execution of the DIP Financing Agreement, the DIP Facility and the transactions contemplated thereby; and it is further

RESOLVED, that the Company is hereby authorized to direct and cause certain subsidiaries of the Company to execute, deliver and perform the DIP Financing Agreement as co-borrowers thereunder and to execute, deliver and perform certain DIP Financing Agreement Other Documents and other agreements, certificates, instruments and documents in connection therewith; and it is further

RESOLVED, that any and all actions heretofore taken by the Authorized Officers of the Company in connection with the proposed DIP Facility and the negotiation and proposed execution and delivery of the DIP Financing Agreement and the DIP Financing Agreement Other Documents are hereby in all respects ratified, confirmed and approved.

### Sale of Pharmaceutical Assets

RESOLVED, that the Company be, and it hereby is, authorized to enter into the Xanodyne Agreement on substantially the terms attached hereto as Exhibit B, with such changes therein and modifications thereto as the Authorized Officers shall approve, such approval to be conclusively evidenced by the execution and delivery thereof; and it is further

RESOLVED, that the Company be, and it hereby is, authorized to conduct a sale process of the Pharmaceutical Assets pursuant to section 363 of the Bankruptcy Code during the Chapter 11 Case of the Company, in compliance with any Bidding Procedures and any other orders of the Bankruptcy Court with respect to such sale process; and it is further

RESOLVED, that the Company be, and it hereby is, authorized to enter into any other agreement (and any ancillary agreements thereto) for the sale of the Pharmaceutical Assets that is deemed to be a "higher and better" offer than the terms and conditions contained in the Xanodyne Agreement as part of the sale process pursuant to section 363 of the Bankruptcy Code; and it is further

RESOLVED, that the Xanodyne Agreement is hereby approved and any ancillary documents (or amendments to any of the foregoing) executed in connection therewith (the "Xanodyne Agreement Other Documents") and the transactions contemplated thereby are hereby, in all respects, approved, and that the Authorized Officers of the Company are, and each of them hereby is, severally authorized, in the name and on behalf of the Company, to execute and deliver the Xanodyne Agreement and Xanodyne Agreement Other Documents, in such form and with such changes, additions, or modifications thereto, as the officer executing the same may approve, such approval to be conclusively evidenced by the execution and delivery thereof, and to execute and deliver any and all such additional documents, agreements, certificates, or instruments as may be necessary, required or desirable in connection therewith or as such officer, or any of them, may determine in his or her sole discretion to be necessary or advisable in connection with the transactions, agreements, certificates, or instruments and documents described herein, or in the best interests of the Company, its stockholders, creditors, and other interested parties, such determination as aforesaid to be evidenced conclusively by the execution and delivery of such other or additional agreements, certificates, instruments and documents; and it is further

RESOLVED, that the Company perform each of its obligations under the Xanodyne Agreement, the Xanodyne Agreement Other Documents, and any other agreement, document or instrument entered into in connection with the execution of the Xanodyne Agreement, and the transactions contemplated thereby; and it is further

RESOLVED, that the Company is hereby authorized to direct and cause certain subsidiaries of the Company to execute, deliver and perform under the Xanodyne Agreement and to execute, deliver and perform certain Xanodyne Agreement Other Documents and other agreements, certificates, instruments and documents in connection therewith; and it is further

RESOLVED, that any and all actions heretofore taken by the Authorized Officers of the Company in connection with the proposed Xanodyne Agreement and the negotiation and proposed execution and delivery of the Xanodyne Agreement and the Xanodyne Agreement Other Documents are hereby in all respects ratified, confirmed and approved.

### Approval of Bankruptcy Filing and Related Matters

RESOLVED, that, upon the execution and delivery of the DIP Financing Agreement and DIP Financing Agreement Other Documents, in the judgment of the Board of Directors of the Company, upon the execution and delivery of the DIP Financing Agreement and DIP Financing Agreement Other Documents, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, that a voluntary petition be filed by the Company seeking relief under Chapter 11; and it is further

RESOLVED, that, upon the execution and delivery of the DIP Financing Agreement and DIP Financing Agreement Other Documents, any Authorized Officer is authorized and directed, on behalf of and in the name of the Company, to execute and verify or certify a petition under Chapter 11 for the Company and to cause the same to be filed with the Bankruptcy Court at such time as the officer executing the same shall determine; and it is further

RESOLVED, that any Authorized Officer, and such other Authorized Officers as any Authorized Officer shall from time to time designate, be, and they hereby are, authorized and empowered to execute and file all petitions, schedules, lists, and other papers and to take any and all actions that he or she may deem necessary or proper in connection with the Company's Chapter 11 case, and in connection therewith to retain and employ all assistance by attorneys, financial advisors, accountants and other professionals that such Authorized Officer may deem necessary or proper with a view to the successful administration of the Chapter 11 case of the Company; and it is further

RESOLVED, that the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP, which maintains an office at One New York Plaza, New York, New York 10004, be employed as attorneys for the Company in connection with its Chapter 11 Cases; and it is further

RESOLVED, that the law firm of Robinson, Bradshaw & Hinson, P.A., which maintains an office at 101 North Tryon Street, Suite 1900, Charlotte, North Carolina 28246, be employed as attorneys for the Company in connection with its Chapter 11 Cases; and it is further

RESOLVED, that the law firm of Richards, Layton and Finger, P.A., which maintains an office at One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899, be employed as attorneys for the Company in connection with its Chapter 11 Cases; and it is further

RESOLVED, that the financial advisory firm of FTI Consulting, Inc., which maintains an office at 3 Times Square, 11th Floor, New York, New York 10036, continue its employment with the Company in connection with its Chapter 11 Cases; and it is further

RESOLVED, that the investment banking firm of Rothschild Inc., which maintains an office at 1251 Avenue of the Americas, New York, New York 10020, be employed as investment bankers for the Company in connection with the sale of the Pharmaceutical Assets as part of its Chapter 11 Cases; and it is further

RESOLVED, that any Authorized Officer is hereby authorized and empowered on behalf of, and in the name of, the Company to obtain financing during the Chapter 11 Cases (including without limitation, the aforementioned DIP Financing Agreement) and enter into debtor in possession financing agreements (including, without limitation, the aforementioned DIP Financing Agreement) and related documents in order to obtain such financing during the Chapter 11 Cases, including any modifications or amendments thereto, and to cause the Company to grant security interests in connection therewith.

### Miscellaneous Resolutions

RESOLVED, that the Authorized Officers of the Company are and each of them hereby is, severally authorized and empowered (any one of them acting alone) to take any and all actions, to execute or file any and all documents, agreements, and instruments, or to cause to be executed and delivered or filed all such documents, agreements, instruments and certificates in the name and on behalf of the Company or otherwise, as such Authorized Officers may deem necessary, advisable or appropriate to effectuate or carry out the purpose and intent of the foregoing resolutions and to perform the obligations of the Company under the agreements and

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AAIPHARMA INC., | Case No. 05-_____ (___) |
| Debtor. | |

## LIST OF CREDITORS HOLDING THIRTY
## LARGEST UNSECURED CLAIMS

The debtor in this chapter 11 case (the "Debtor") filed a petition in this Court on May 10, 2005, for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330. The following is a list of the Debtor's largest unsecured creditors (the "List"), based on the Debtor's books and records as of approximately May 8, 2005. The List was prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtor's chapter 11 case. The List does not include: (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101; or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information presented in the List shall not constitute an admission by, nor is it binding on, the Debtor. The failure of the Debtor to list the claim as contingent, unliquidated or unknown does not constitute a waiver of the Debtor's right to contest the validity, priority, and/or amount of the claim.

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM WHO MAY BE CONTACTED | NATURE OF CLAIM (TRADE DEBT, BANK LOAN, GOVERNMENT CONTRACT, ETC.) | AMOUNT OF CLAIM [IF SECURED ALSO STATE VALUE OF SECURITY] |
|---|---|---|---|---|
| 1 | Wachovia Bank, National Association 401 South Tryon Street 12th Floor Charlotte, NC 28288-1179 | Wachovia Bank, National Association 401 South Tryon Street 12th Floor Charlotte, NC 28288-1179 Fax: 704-374-6682 Kelley Drye & Warren LLP 101 Park Avenue New York, NY 10178 Fax: 212-808-7897 | Bond Debt | $187,680,208.33 Although the bonds are secured, the Debtors believe that there is a significant deficiency claim |
| 2. | Novartis Pharmaceuticals Corp. 59 Route 10 East Hanover, NJ 07936-1080 | Novartis Pharmaceuticals Corp. 59 Route 10 East Hanover, NJ 07936-1080 Attn: Legal Department Ph: 973-781-3452 Fax: 973-781-8265 | Trade Debt | $1,749,705.47 |

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM WHO MAY BE CONTACTED | NATURE OF CLAIM (TRADE DEBT, BANK LOAN, GOVERNMENT CONTRACT, ETC.) | AMOUNT OF CLAIM [IF SECURED ALSO STATE VALUE OF SECURITY] |
|---|---|---|---|---|
| 3. | Roxane Laboratories P.O. Box 74680 Chicago, IL 60675-4680 | Roxane Laboratories 900 Ridgebury Road P.O. Box 1088 Ridgefield, CT 06877 Attn: Legal Department Ph: 800-520-1631 Fax: 800-520-1666 | Trade Debt | $1,692,736.38 |
| 4. | Cardinal Distribution, Inc. P.O. Box 641231 Pittsburgh, PA 15264-1231 | Cardinal Health, Inc. 7000 Cardinal Place Dublin, Ohio 43017 Attn: Legal Department Ph: 614-757-2778 Fax: 800-234-8701 | Trade Debt | $411,936.48 |
| 5. | Eli Lilly & Company, Inc. 1301 South Dakota Street Indianapolis, IN 46225 | Eli Lilly & Company, Inc. 1301 South Dakota Street Indianapolis, IN 46225 Attn: Kenneth Gregory Ph: 317-276-2206 | Trade Debt | $323,760.41 |
| 6. | Cardinal Health/Cord Logistics 15 Ingram Blvd., Suite 100 LaVergne, TN 37086 | Cardinal Health/Cord Logistics 15 Ingram Blvd., Suite 100 LaVergne, TN 37086 Attn: Human Resources Dept. Ph: 615-793-4400 Fax: 615-287-2462 | Trade Debt | $313,819.31 |
| 7. | Willis of North Carolina, Inc. P.O. Box 905554 Charlotte, NC 28290-5554 | Willis of North Carolina, Inc. P.O. Box 905554 Charlotte, NC 28290-5554 Attn: Legal Department Ph: 704-376-9161 Fax: 704-342-3143 | Trade Debt | $24,339.00 |
| 8. | Fine Chemicals Corporation 15 Hawkins Ave. Epping 1,7460 Cape Town South Africa | Fine Chemicals Corporation 15 Hawkins Ave. Epping 1,7460 Cape Town South Africa Attn: Legal Department Ph: 27-21-530-8100 | Trade Debt | $110,260.00 |
| 9. | North Brunswick II, L.L.C P.O. Box 6029 North Brunswick, NJ 08902-6029 | North Brunswick II, L.L.C P.O. Box 6029 North Brunswick, NJ 08902-6029 Attn: Legal Department Ph: 732-435-1000 Fax: 732-745-0686 | Lease Claim | $147,294.67 |
| 10. | Agilent Technologies 4187 Collections Center Drive Chicago, IL 60693 | Agilent Technologies 4187 Collections Center Drive Chicago, IL 60693 Attn: Legal Department Ph: 800-227-9770 | Trade Debt | $76,198.05 |

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM WHO MAY BE CONTACTED | NATURE OF CLAIM (TRADE DEBT, BANK LOAN, GOVERNMENT CONTRACT, ETC.) | AMOUNT OF CLAIM [IF SECURED ALSO STATE VALUE OF SECURITY] |
|---|---|---|---|---|
| 11. | Ernst & Young AG<br>P.O. Box 406725<br>Atlanta, GA 30384-6725 | Ernst & Young AG<br>P.O. Box 406725<br>Atlanta, GA 30384-6725<br>Attn: Legal Department<br>Ph: 919-981-3041<br>Fax: 215-448-4069 | Professional Services | $66,998.05 |
| 12. | State Of Delaware Division of Corporations<br>P.O. Box 74072<br>Baltimore, MD 21274 | State Of Delaware Division of Corporations<br>P.O. Box 74072<br>Baltimore, MD 21274 | Government Fees | $66,251.90 |
| 13. | IMS<br>660 West Germantown Pike<br>Plymouth Meeting, PA 19462-1048 | IMS<br>660 West Germantown Pike<br>Plymouth Meeting, PA 19462<br>Attn: Legal Department<br>Ph: 800-523-5333<br>Fax: 610-260-6640 | Trade Debt | $57,212.50 |
| 14. | Cardinal Health Packaging<br>P.O. Box 828771<br>Philadelphia, PA 19182-8771 | Cardinal Health Packaging<br>P.O. Box 828771<br>Philadelphia, PA 19182-8771<br>Attn: Legal Department<br>Ph: 856-439-1700<br>Fax: 215-613-3000 | Trade Debt | $52,221.35 |
| 15. | Unifirst-Wilmington<br>1821 Dawson St.<br>Wilmington, NC 28403 | Unifirst-Wilmington<br>1821 Dawson St.<br>Wilmington, NC 28403<br>Attn: Legal Department<br>Ph: 910-763-0184<br>Fax: 910-763-0243 | Trade Debt | $49,331.88 |
| 16. | Progress Energy<br>160 Rush Street<br>Raleigh, NC 27603 | Progress Energy<br>160 Rush Street<br>Raleigh, NC 27603<br>Attn: Legal Department<br>Ph: 919-508-5400<br>Fax: 919-508-5549 | Utility Services | $40,507.81 |
| 17. | Bank of America Leasing and Capital<br>P.O. Box 31682<br>Tampa, FL 33631-3682 | Bank of America Leasing and Capital<br>P.O. Box 31682<br>Tampa, FL 33631-3682<br>Attn: Legal Department<br>Ph: 770-270-8400<br>Fax: 770-270-8454 | Lease Claim | $35,084.46 |
| 18. | TMP Worldwide<br>P.O. Box 538361<br>Atlanta, GA 30353-8361 | TMP Worldwide<br>P.O. Box 538361<br>Atlanta, GA 30353-8361<br>Ph: 919-460-4646 | Trade Debt | $29,890.60 |

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM WHO MAY BE CONTACTED | NATURE OF CLAIM (TRADE DEBT, BANK LOAN, GOVERNMENT CONTRACT, ETC.) | AMOUNT OF CLAIM [IF SECURED ALSO STATE VALUE OF SECURITY] |
|---|---|---|---|---|
| 19. | Kashiwa Fudosan America, Inc P.O. Box 45258 San Francisco, CA 94145-0258 | Kashiwa Fudosan America, Inc P.O. Box 45258 San Francisco, CA 94145-0258 Attn: Legal Department Ph: 650-873-1054 Fax: 650-873-3677 | Trade Debt | $28,993.95 |
| 20. | South Carolina Electric & Gas Company SCE&G Columbia, SC 29218 | South Carolina Electric & Gas Company SCE&G Columbia, SC 29218 Attn: Legal Department Ph: 843-554-7234 Fax: 843-576-8096 | Utility Services | $28,153.45 |
| 21. | Vesey Air LLC c/o GE Capital 44 Old Ridgebury Rd. Danbury, CT 06810 | Vesey Air LLC c/o GE Capital 44 Old Ridgebury Rd. Danbury, CT 06810 | Lease Claim | $26,498.18 |
| 22. | Firemans Fund Insurance Dept. CH 10284 Palatine, IL 60055 | Firemans Fund Insurance 777 San Marin Dr. Novato, CA 94998 Attn: Legal Department Ph: 800-527-5787 Fax: 415-899-3600, 2700 | Insurance | $25,163.82 |
| 23. | Chase-Logeman Corp. 303 Friendship Drive Greensboro, NC 27409 | Chase-Logeman Corp. 303 Friendship Drive Greensboro, NC 27409 Attn: Legal Department Ph: 336-665-0754 Fax: 336-665-0723 | Trade Debt | $24,888.00 |
| 24. | Professional Provided Services 100 South Pine Island Rd. Suite 112 Plantation, FL 33324 | Professional Provided Services 100 South Pine Island Rd. Suite 112 Plantation, FL 33324 Attn: Legal Department Ph: 954-318-4600 Fax: 954-318-4602 | Professional Services | $24,642.01 |
| 25. | Fisher Scientific P.O. Box 360153 Pittsburgh, PA 15250-6153 | Fisher Scientific Fisher Research & Safety 2000 Park Lane Drive Pittsburgh, PA 15275 Attn: Legal Department Ph: 412-490-8300 Fax: 412-490-8759 | Trade Debt | $23,680.38 |
| 26. | William Fathauer c/o Southwest Clinical Research, Inc. 14850 N. Cave Creek Road, Suite 6 Phoenix, AZ 85032 | Research, Inc. 14850 N. Cave Creek Road, Suite 6 Phoenix, AZ 85032 | Trade Debt | $22,444.00 |

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM WHO MAY BE CONTACTED | NATURE OF CLAIM (TRADE DEBT, BANK LOAN, GOVERNMENT CONTRACT, ETC.) | AMOUNT OF CLAIM [IF SECURED ALSO STATE VALUE OF SECURITY] |
|---|---|---|---|---|
| 27. | Peter Winkle 2617 East Chapman Avenue Orange, CA 92669 | Peter Winkle 2617 East Chapman Avenue Orange, CA 92669 Attn: Peter Winkle | Trade Debt | $22,100.00 |
| 28. | W.A. Rutledge & Associates 51 Sherman Hill Road Woodbury, CT 06798 | W.A. Rutledge & Associates 51 Sherman Hill Road Woodbury, CT 06798 Attn: Legal Department Ph: 203-266-0200 Fax: 203-266-0213 | Trade Debt | $20,394.00 |
| 29. | Creative Promotional Products, Inc 7300 North Monticello Skokie, IL 60076 | Creative Promotional Products, Inc. 7300 North Monticello Skokie, IL 60076 Attn: Legal Department Ph: 847-410-3827 | Trade Debt | $19,925.01 |
| 30. | Honeywell 525 West Monroe Street 7th. Floor Chicago, IL 60661 | Honeywell 525 West Monroe Street 7th. Floor Chicago, IL 60661 Attn: Legal Department Ph: 602 365-3181 Fax: 602-365-5313 | Trade Debt | $18,323.20 |

THE DEBTOR IS SEEKING COURT AUTHORIZATION TO PAY CERTAIN TYPES OF PREPETITION OBLIGATIONS. THE DEBTOR RESERVES THE RIGHT TO SUPPLEMENT THIS LIST TO INCLUDE OBLIGATIONS THAT MAY HAVE ACCRUED BUT WERE NOT DUE AND PAYABLE, TO THE EXTENT ANY SUCH OBLIGATIONS AR NOT AUTHORIZAED TO BE PAID BY ORDER OF THE COURT.

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AAIPHARMA INC., | ) | Case No. 05-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DECLARATION REGARDING LIST OF
## TOP THIRTY UNSECURED CREDITORS

I, Matthew E. Czajkowski, Executive Vice President, Chief Financial Officer and Chief Administrative Officer of aaiPharma Inc., the corporation named as the debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing list of the Debtor's 30 largest unsecured creditors (the "List") and that the List is true and correct to the best of my information and belief.

Date: May 10, 2005

Matthew E. Czajkowski
Executive Vice President, Chief Financial Officer and
Chief Administrative Officer
aaiPharma Inc.